You may proceed. Thank you, Your Honor. May it please the Court and Counsel, my name is Tracy Staub and I'm here on behalf of my client, Mr. Calvert. You'll have to keep your voice up because we have folks who want to hear behind you. Okay. Some of us are a little congested. This is a habeas case and the sole issue on appeal is whether Mr. Calvert timely filed his habeas petition. More specifically, the issue is whether his motion in state court for leave to file an untimely appeal told the statute of limitations under 28 U.S.C. 2244-D2. The parties appear to agree that in the motion, if the motion told the statute of limitations, Mr. Calvert's petition for habeas would be timely and this matter should be remanded back down to the district court to consider the merits of his habeas petition. Is your best case saying exactly that, that a motion to file an untimely notice of appeal in the state proceeding effectively holds the statute of limitations under habeas relief? My best case, Your Honor, that would be the DeCenzi case out of the Sixth Circuit. It was just decided in 2005 and I noticed that they reissued the opinion. I don't have the citation for it, but that case is very closely. Can you spell that for me? Sure. It is D-I capital C-E-N-Z-I. It's out of the Sixth Circuit. The first opinion is cited, I believe, in both of my briefs, but as I mentioned, it was just recently republished and I don't have the new citation for you. Originally, it was 419 F3rd 493. And in that case, Your Honor, the facts are very similar to this case. The defendant was not advised of his right to appeal his sentence and several months later moved to file a delayed appeal, filed a motion to file a delayed direct appeal. And the court in that case said that his motion did not restart the statute of limitations and did not relate back, but it did toll the statute of limitations. And the Sixth Circuit in that case sent the case back down to the district court. I think factually and legally that is probably the closest case. Couldn't he have filed a federal habeas petition and asked it to be held in abeyance while he exhausted his state appeal and state habeas petitions? Your Honor, I suppose he could have. Of course he could. Yes. We do it all the time. I see it all the time. Yes, we see it all the time. Is there any reason why he didn't do that other than centers on him and his attorneys? Well, he didn't have any attorneys. Centers on him. I mean, was he told by some mischievous governmental attorney not to do so because it would make his food in prison better? Well, I don't know about that, Your Honor. But in the excerpt of record, page 129, I believe the commissioner of the state supreme court told Mr. Calvert that his failure to be advised of his appeal rights could not be decided in a collateral review. It had to be decided under a direct review, and in order to pursue that issue, he must file a motion to file an untimely appeal. Well, he's right. And seven days later, that's exactly what he did. I mean, he's right. He has to first exhaust his appeal in the state proceedings before he can seek collateral review in the state proceedings. Right. So that wasn't any mischievous misleading. No, it wasn't misleading, Your Honor, and I apologize. But that's why he did it, because he was told by the supreme court commissioner to do that. Because he didn't have a what did he file that they thought was improper?  Exactly. No, his PRP was timely. But it was not exhausted because he had an appeal? Right, exactly. He raised the failure to advise him of his appeal rights in his PRP, and the commissioner said that's not an issue we address in a PRP. We have to first raise it in a motion to file an untimely appeal. I don't get something here. Okay. Actually, I guess I don't get a couple of things. One is Pace holds, the United States Supreme Court decision, and Pace holds that an untimely filing does not toll the statute. Correct. There's a clear Washington rule on how much time a defendant has to file his notice of appeal. Mm-hmm. Now, if an untimely notice of appeal doesn't toll the statute, my number one question is, and I've got a couple, if an untimely notice of appeal doesn't toll the statute, why would a motion for leave to file an untimely notice of appeal toll the statute? It doesn't follow for me. And the other question I have is I think the time for filing appeal is 30 days or something like that. It's a fairly short time. And you say in your argument, well, he didn't really know he had to until he got educated by the Washington Court of Appeals decision when he lost his post-conviction relief petition. His first hearing. But he didn't even file his motion for leave to file an untimely notice of appeal within 30 days of that, let alone within 30 days of the judgment. He waited three months. I'm sorry, Your Honor, which I'm confused, I guess. He was advised by the Court of Appeals. He lost his personal restraint petition in September. He filed his motion to file an untimely notice of appeal in December. No, he filed his motion to file an untimely appeal seven days, I believe, after he was advised. I might be wrong on that. I'm looking at the appendix. Okay. That was seven days after the Washington Supreme Court denied the discretionary petition for review of the Washington Court of Appeals decision. Right. But the Washington Court of Appeals decision had already told him that you have to appeal. And if you're late, you have to ask for leave to file a late notice of appeal. I'm not aware of that, Your Honor. My first ñ my inclination or my memory of the record is that the first time he was advised that the decision, the issue had to be addressed in a motion to file a delayed appeal was by the commissioner of the Supreme Court on December 4th. Oh, is that the first time? That was the first time. What is it that you are saying statutorily tells us? Well, it would be D-2, and that is whether this is a properly filed application. What is this? I'm sorry. What is this? What is the properly filed application? It's the motion. Motion for what? A motion for leave to file an untimely appeal. Now, how is that a properly filed application for collateral review? Well, first of all, it's not ñ I wouldn't suggest that it's collateral review, but it is a post-conviction petition. For post-conviction or other collateral review. Right. So there's collateral review and then there's post-conviction review, which is a distinction that the State makes in its response brief. It says, well, this isn't collateral review, it's direct review, but it doesn't really address the post-conviction review, which is a third term. But this ñ But ñ sorry. Do you think that post-conviction here includes an application for late appeal? Yes, Your Honor. What's his ñ and that was denied. I just don't see how we get anyplace here. That was denied because they said you gave up your appeal rights. Well, yes, and it was denied on its merits. But it's important to remember that this motion is provided for by the State as a post-conviction remedy. It's a separate procedure, and it is provided for. And there's no time limit for filing this. The motion was not denied because it was untimely. On the merits, what does he want here? What is his petition? What kind of relief does he want? He wants ñ number one, he wants his appeal rights. I mean, his appeal issues decided, because they were never decided. His direct appeal issues were never decided. And one of those ñ What was that? Well, for instance, the blatant ñ He filed an application for a late appeal, and they said you can't have it because you waived your right to appeal. So what is the Federal question here that we are considering in a Federal habeas petition? In his habeas petition?  Whether due process was violated because he was never advised of his appeal rights, and whether he was denied his right to an attorney on appeal. And then also the Blakeley issue. He was given an exceptional sentence, and without ñ with the findings by the State court. So the State court imposed an exceptional sentence based upon facts found without a jury by a preponderance of the evidence. So that's one of his major Federal or constitutional claims on habeas. Why didn't he appeal? I'm sorry. So why didn't he appeal? He ñ well, he wasn't advised of his right to appeal. And ñ We have a finding by the State court that he waived his right to appeal. His right to appeal. I understand that. What do we do with that? Well, I think that that only comes up if you get into the equitable tolling. I think if you look at the motion itself, and it's important to separate the motion from the substance of the motion. The procedure for filing a motion versus the substance of the motion. And I tried to outline that in my brief. It's a motion for untimely appeal, but the motion itself was not untimely. And if the motion is a properly filed post-conviction petition, then it tolls the statute of limitations. When did he first raise his Blakeley issues in the State court? He raised his Blakeley issues, I believe, in his petition to the Supreme Court on his motion for delayed appeal. But one of the reasons that his delayed appeal motion was denied is because the court of appeals said, we've already decided all your direct appeal issues, there's no prejudice. Which, of course, is more of an issue. I understand that. Thank you. Thank you. Good afternoon, and may it please the Court. My name is Paul Weiser. I'm an Assistant Attorney General representing the State Respondent in this matter, Alice Payne. And we're going to ask that the Court affirm the District Court's decision that the petition was untimely. Briefly, just getting to the statutory tolling issue, Mr. Calvert's judgment and sentence became final on June 27th of 2002. Statutory tolling is allowed under 2244D2 only for properly filed applications of State post-conviction review or other collateral review. An untimely notice of appeal, such as what Mr. Calvert filed in this case, is not, by definition, post-conviction or other collateral review. Under Washington Rule of Appellate Procedure 18.8b, the Washington courts may extend the time for filing a notice of appeal in extraordinary cases. And that's what Mr. Calvert sought to avail himself of. He was seeking to reopen the direct appeal timelines. Yes, Your Honor. Did he have a Blakely claim when his conviction became final? When was it? I'm sorry. When was Blakely? Blakely was in 2004, Your Honor. The direct appeal or the time for filing a notice of appeal expired in June of 2002. So it was a couple of years prior to that. So Blakely came down two years after. After. And that unless it was applicable retroactively, he'd be out of luck on it. That's correct, Your Honor. And, of course, that issue is before the U.S. Supreme Court in the upcoming term, as this Court is aware. So it's our position that in no way can the notice of appeal or the motion to file an untimely notice of appeal be characterized as post-conviction or other. It would only be there in a case in which it's been a timely. Oh, never mind. I think, Your Honor, there is an exception under State law whereby a Petitioner may seek collateral review on the basis of a new constitutional rule of procedure. Even if we were to characterize Mr. Calvert's motion for an untimely appeal. Under State law. I'm sorry? You said under State law. Under State law, there is an exception to follow up on Blakely. For example, if Blakely were decided to be retroactive as of now, despite the fact that Mr. Calvert's conviction has been final for four years now, he would still be able to, he would have that one-year window in which to seek relief in the State courts under the personal restraint condition. He would still have that in the State courts? Yes, he would, Your Honor. Independent of any Federal right there might be? That's correct. The State courts, I should say, the State courts have decided that issue adversely to him at this time. State v. Evans said that Blakely did not apply retroactively, but the Supreme Court could decide that differently. It's our position, though, that in no way can the notice of appeal be construed as a collateral relief action. But if it were, the Washington courts rejected his request to file an untimely notice of appeal, and therefore, under Pace v. DiGuglielmo, as Judge Kleinfeld inquired earlier, it's the end of the matter. When the post-conviction petition is untimely under State law or rejected as untimely under State law, that is the end of the matter for purposes of statutory tolling under Section 2244d-2. So even if Mr. Calvert's notice of appeal and motion to file an untimely appeal is generously reviewed as a personal restraint petition or the equivalent thereof, he is not entitled to statutory tolling under 2244d. Now, the cases, the out-of-circuit cases that Mr. Calvert is relying upon, specifically the Gibson v. Klinger case and the DeCenzi v. Rose case, neither one of them has any application in Mr. Calvert's case. First of all, the Gibson v. Klinger case, and that one was cited at Volume 232, Fed 3rd, 799, that was a case involving a delayed appeal from the denial of State habeas corpus. It was not, as Mr. Calvert's case is, a motion to file a late direct appeal. In fact, Mr. Gibson's conviction, I believe, was final in 1975, and the State habeas petition that he filed was in 1995. And the delayed appeals that the Tenth Circuit referred to repeatedly throughout their opinion were the delayed appeals from the trial court's denial of the habeas petition, not direct appeal. With respect to DeCenzi v. Rose, and I do have the updated citation on that. As counsel noted, the opinion was amended recently, not to the best of my knowledge in any substantive way, but there was an amendment nevertheless, and that is contained at 452, Fed 3rd, page 465, and that was issued, I believe, in June or July of this year. In that case, Section 2244D tolling was not even an issue. The Court did not decide the case on the basis of statutory tolling. They referred to the word tolling a few times, but it's clear from the context in which the Court is raising that. They were referring to DeCenzi's actions in seeking a late appeal as being a new triggering event for respect to his claim that he was denied his right to appeal in state court. And, in fact, the Court made that clear when they said, therefore, under Section 2244D1C, the ADIPA statute of limitations began running on September 25th, 2001, which was the date of the Ohio Court of Appeals' denial of DeCenzi's motion to file a late appeal. And, again, 2244D2 was not even an issue in that case. With respect to equitable tolling, and I know we didn't have an extensive discussion of that earlier, so I'll be very brief, nothing in the trial judge's unfortunate omission of advice with respect to Mr. Calvert's appeal rights constitutes an impediment to his filing  And nothing in the Washington Supreme Court Commissioner's advice, if we want to construe it that way, advice that Mr. Calvert could seek to file a late appeal constitutes an impediment to his failure to or an impediment to filing a Federal habeas petition in a timely manner. And as the Court pointed out, he could have, Mr. Calvert could have, sought to file a simultaneous Federal habeas petition and requested that the Federal filing period be kept open while he attempted to reinstate his or reopen the period of time for his filing of a State appeal. He could have done that, and he did not. Mr. Calvert hasn't shown that it was impossible for him to file a Federal habeas petition in a timely manner. In conclusion, Chief Judge Van Sickle correctly determined that Mr. Calvert's petition was untimely and that he wasn't entitled to either statutory tolling or to equitable tolling of the time limits. And we would ask that this Court affirm the district court's judgment of dismissal. Thank you. Thank you.
judges: Schroeder, Kleinfeld, Bea